Barbara JINKS, for herself and for all
others similarly situated

v.

Dr. Benjamin E. MAYS et al.

Civ. A. No. 13977.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 22, 1972.

Howard Moore, Jr. and Elizabeth R. Rindskopf, Atlanta, Ga., Jack Greenberg and Conrad K. Harper, New York City, for plaintiff.

Lenwood A. Jackson, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for defendants.

ORDER

EDENFIELD, District Judge.

The Fifth Circuit, after affirming that portion of this court's opinion in the above-styled case, 332 F.Supp. 254, which had been appealed, remanded the case to

this court for a determination of the question of an award of attorney's fees to plaintiff. Jinks v. Mays, 464 F.2d 1223 (5th Cir. 1972). Although the mandate of the Fifth Circuit in this case has not yet issued to this court, plaintiff has moved for an award of attorney's fees.

In its written opinion the Fifth Circuit pointed out that the record in this case is devoid of evidence of any bad faith or unlawful motive on the part of defendants. Jinks v. Mays, *supra*, 1227–1228. Furthermore, in commenting on the question of attorney's fees the panel said:

"Federal district courts may, in their discretion, award attorney's fees in civil rights litigation where the actions of the defendants were 'unreasonable and obdurately obstinate'." At 1228.

The impression this court gets from the panel's opinion in *Jinks* is that a denial of an award of attorney's fees under the circumstances of this particular case would not be an abuse of discretion.

Nevertheless, the court must take note of a subsequent decision rendered by a different panel of the Fifth Circuit which remanded a suit founded on 42 U.S.C. § 1981 (1970) to another judge of this court and directed him to make a reasonable award of attorney's fees unless specific and justifiable reasons for its denial could be articulated. Cooper v. Allen, 467 F.2d 836 (5th Cir. 1972). The panel in *Cooper* noted that the Supreme Court construed Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(a) (1970), which provides that "the prevailing party" is entitled to "a reasonable attorney's fee" in the court's "discretion", to call for an award of fees as a matter of course unless special circumstances would render such an award unjust, Newman v. Piggie Park Enter-

prises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), and it further noted that the Fifth Circuit had extended this doctrine to suits brought under 42 U.S.C. § 1982, Lee v. Southern Home Sites Corp., 429 F.2d 290 (5th Cir. 1970), even though § 1982 makes no specific allowance for attorney's fees. The panel in *Cooper* found no relevant distinction between a § 1982 suit and a § 1981 suit and extended the *Piggie Park Enterprises* and *Southern Home Sites* doctrines to § 1981 suits. It would be equally difficult to distinguish § 1981 and § 1982 suits from § 1983 suits, such as this one, in that regard. Indeed, in NAACP v. Allen, 340 F.Supp. 703 (M.D. Ala.1972), Judge Johnson wrote that in successful § 1983 suits which effectuate strong congressional policy against discrimination an award of attorney's fees should be an integral part of the equitable relief and should not depend on a showing of defendant's bad faith.

The benefit accruing to the class on whose behalf plaintiff successfully prosecuted this case is substantial and important. Non-tenured teachers in the Atlanta school system are now eligible for maternity leave and need not resign from their positions when it becomes necessary for them to leave due to pregnancy. Plaintiff was specifically denied monetary relief in this case and the litigation can be fairly characterized as *pro bono publico* on the part of plaintiff's counsel. As Judge Johnson observed in NAACP v. Allen, *supra*, 708–710, such litigation must be encouraged in order to vindicate the federal rights of our citizens.

For the foregoing reasons the court grants plaintiff's motion for an award of attorney's fees and directs that attorney's fees in the amount of $1,500.00 be taxed against defendants.

It is so ordered.