**COMMONWEALTH OF PENN-SYLVANIA, Plaintiffs,**

v.

**CHARLEROI AREA SCHOOL DISTRICT, Defendants.**

**Civ. A. No. 72–1119.**

United States District Court,
W. D. Pennsylvania.

Oct. 5, 1973.

Thomas F. Halloran, Michael Louik, Asst. Attys. Gen., Commonwealth of Pennsylvania Community Advocate Unit, Richard R. Isaacson, Samuel A. Vitaro, Pittsburgh, Pa., Milton D. Rosenberg, Bloom, Bloom, Rosenberg & Bloom, Washington, Pa., for plaintiffs.

Melvin B. Bassi, John E. Costello, Charleroi, Pa., for defendants.

## OPINION

TEITELBAUM, District Judge.

On October 13, 1972, fifty-one male students were expelled from Charleroi Area Junior/Senior High School because the length of their hair violated the school's dress code. A number of students cut their hair in order to return to classes, while certain others, who refused to alter their hairstyle, contacted and retained the attorneys who represent them here. Over a period from October 24, 1972 to December 24, 1972, counsel for the plaintiffs attempted without success to have plaintiff students amicably reinstated. Having failed in that effort, a complaint and motion for a temporary restraining order was filed with this Court. On January 8, 1973, this Court preliminarily and permanently enjoined the School District from expelling any more students and ordered it to reinstate those previously expelled. The injunction was granted on the basis of Stull v. School Board of Western Beaver Jr./Sr. High School, 459 F.2d 339 (3d Cir. 1972), which held that a school dress code which banned long hair was violative of due process, absent a showing that long hair constituted a health hazard or caused classroom disruption.

At the time of the injunction hearing, decision was reserved on plaintiffs' claim for attorneys' fees. It is that issue which is before the Court at the present time.

It is well established that a federal district court possesses the discretionary, equitable power to award at-

torney's fees to the prevailing party, even in the absence of specific statutory authority for such an award. Sprague v. Ticonic National Bank, 307 U.S. 161, 167, 59 S.Ct. 777, 83 L.Ed. 1184 (1939), Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702, 707 (1973).

 For instance, it is unquestioned that a federal court may award attorney's fees where an unsuccessful defendant has acted in bad faith in defending against a suit. Vaughn v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). In addition, the Supreme Court has held that compensation may be awarded for service as a "private attorney general", in seeking to secure compliance with Congressional policy objectives by means of private litigation, for instance, by attempting to enjoin racial discrimination under Title II of the Civil Rights Act of 1964. 42 U.S.Ct. § 2000a–z(a). Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). The award of attorney's fees for service as a private attorney general does not imply bad faith on the part of the defendants. The sole rationale of the Newman decision is the encouragement of suits advancing the public interest as it has been expressed in Congressional statutory directives.

 Another basis for the awarding of fees is set out in Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). The Mills case held that fees may be awarded in an instance where "a substantial benefit [is conferred] on the members of an ascertainable class." 396 U.S. at 393. Like the rationale employed in Newman, the Mills premise is devoid of any aspersion of bad faith on the part of the defendants. Rather, Mills is based on the reasoning that it would be unjust to require one plaintiff to bear the entire expense of an action which results in benefit to a large class.

The case before the Court was commenced under 42 U.S.C. § 1983, a statute which does not specifically provide for the award of attorney's fees to the successful litigant.[1] Nevertheless, a number of federal courts have awarded counsel fees in § 1983 suits, utilizing both the Newman and Mills guidelines outlined above as the basis for their decisions. See, e. g., Sims v. Amos, 340 F. Supp. 691 (M.D.Ala.1972); NAACP v. Allen, 304 F.Supp. 703 (M.D.Ala.1972); Jinks v. Mays, 350 F.Supp. 1037 (N.D. Ga.1972); Lyle v. Teresi, 327 F.Supp. 683 (D.Minn.1971); Bassett v. Atlanta Independent School District, 347 F.Supp. 1191 (E.D.Tex.1972); Wyatt v. Stickney, 344 F.Supp. 387 (M.D.Ala.1972).

 Although some of the cases cited above involved actions against racial discrimination, the argument that attorney's fees are warranted only in racial discrimination cases is without merit. The broad formulation of both the Newman and Mills decisions in terms of the furtherance of the public interest, whatever the particular focus of the statute involved, taken together with the broad language of § 1983 itself, serve on their face to negate the proposition that fees may be awarded only when racial discrimination is challenged.

 Plaintiffs' attorneys are awarded counsel fees in the amount of $2500.-00. This award is made in accord with the rationales of private attorney general compensation and furtherance of public interest lawsuits expressed in Newman v. Piggie Park Enterprises, Inc., supra, and Mills v. Electric Auto-Lite Co., supra. This Opinion imports no view whatsoever as to the alleged bad faith, unreasonableness, or obstinacy of defendant School District in resisting this action. As was clearly stated by

1. Moreover, the Supreme Court has expressly declined to decide whether and under what circumstances attorney's fees can be awarded under 42 U.S.C. § 1983. North-cross v. Bd. of Education of Memphis City Schools, 412 U.S. 427, 93 S.Ct. 2201, 2202, n. 2, 37 L.Ed.2d 48 (1973).

the Court during the hearing at which the injunction was granted, whatever the merits of the deeply felt and emotional issue of regulation of hair length, this Court was and is bound by the Third Circuit Court of Appeals decision in Stull v. School Board of Western Beaver Jr./Sr. High School, *supra*. The reluctance of the Charleroi School Board and its counsel to follow the outlines of the *Stull* decision, in light of the split among the Circuits,[2] may have been ill-advised, but cannot be called bad faith.

An appropriate Order in accordance with this Opinion will be entered.

**2.** Massie v. Henry, 455 F.2d 779 (4th Cir. 1972); Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970); Breen v. Kahl, 419 F.2d 1034 (7th Cir. 1969); Bishop v. Colaw, 450 F.2d 1069 (8th Cir. 1971) [all holding hair regulations invalid] but cf. Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir. 1968); Jackson v. Dorrier, 424 F.2d 213 (6th Cir. 1970); King v. Saddleback Junior College, 445 F.2d 932 (9th Cir. 1971); Freeman v. Flake, 448 F.2d 258 (10th Cir. 1971) [all refusing to interfere with hair regulations].