# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-CC-00708-SCT

*JAMES TRUITT PHILLIPS*

*v.*

*MISSISSIPPI VETERANS' HOME PURCHASE BOARD*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/3/92 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT N. BROOKS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  MARY MARGARET BOWERS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 4/4/96 |
| MOTION FOR REHEARING FILED: | 4/18/96 |
| MANDATE ISSUED: | 6/27/96 |

**EN BANC.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. This appeal requires us to look at the breadth of the Mississippi Employee Appeals Board's jurisdiction. The case arises from the State Personnel Board's approval of the abolition of the position of real estate appraiser at the Mississippi Veterans' Home Purchase Board. The appellant, James Truitt Phillips, contends that the Veterans' Home Purchase Board misled the State Personnel Board in an attempt to rid itself of Phillips for personal and political reasons. Phillips specifically cites his personal differences with the executive director of the Veterans' Home Purchase Board as to how the agency should have been run. The Veterans' Home Purchase Board maintains it had legitimate reasons for terminating Phillips' position. The State Personnel Board abolished the position of real estate appraiser on request of the director of the Veterans' Home Purchase Board. The reasons offered for the abolishment were a material change in the duties of the position and a shortage of work to justify the position. The Mississippi Employee Appeals Board (hereinafter EAB) ruled that the abolishment of the position was a mere pretext to terminate Phillips and ordered him reinstated with back pay. The circuit court reversed the EAB and restored the action of the State Personnel Board. We are called on to determine whether the circuit court erred in holding that the EAB acted beyond the scope of its authority by reinstating Phillips, and, assuming the EAB did have such authority, whether the EAB's decision was supported by substantial evidence. We find that the EAB had no such authority in this case, and even if it did, its decision was not supported by substantial evidence.

¶2. Phillips argues that the circuit court erred in finding that the EAB acted beyond the scope of its authority. Specifically, Phillips contends that Miss. Code Ann. §§ 25-9-127 and 25-7-131 (1972) and our holding in *Gill v. Dept. of Wildlife Conservation*, 574 So. 2d 586 (Miss. 1990), give the EAB authority to hear an employee's side on any action adversely affecting his employment status.

¶3. Miss. Code Ann. §25-9-127 (1972) states the following:

> No employee of any department, agency or institution who is included under this chapter or hereafter included under its authority, and who is subject to the rules and regulations prescribed by the state personnel system may be dismissed or otherwise adversely affected as to compensation or employment status except for inefficiency or other good cause, and after written notice and hearing within the department, agency or institution as shall be specified in the rules and regulations of the state personnel board complying with due process of law; and any employee who has by written notice of dismissal or action adversely affecting his compensation or employment status shall, on hearing and on any appeal of any decision made in such action, be required to furnish evidence that the reasons stated in the notice of dismissal or action adversely affecting his compensation or employment status are not true or are not sufficient grounds for the action; provided, however, that this provision shall not apply (a) to persons separated from any department, agency or institution due to curtailment of funds or reduction in staff when such separation is in accordance with rules and regulations of the state personnel system; (b) during the probationary period of state service of twelve (12) months; and (c)to an executive officer of any state agency who serves at the will and pleasure of the governor, board, commission or other appointing authority.

¶4. Miss. Code Ann. §25-9-131 (1972) provides in pertinent part that:

> (1) Any employee in the state service may appeal his dismissal or other action adversely affecting his employment status to the employee appeals board created herein. The proceedings before the employee appeals board shall be de novo, and the employee shall be afforded all applicable safeguards of procedural due process. . . . The employee appeals board may modify the action of the department, agency or institution but may not increase the severity of such action on the employee. Such appointing authority shall promptly comply with the order issued as a result of the appeal to the employee appeals board.

¶5. On the other hand, the Veterans' Home Purchase Board argues that Miss. Code Ann. §25-9-127 does not give the EAB authority over a reduction in staff which was accomplished in compliance with the state personnel system. They contend that subsection (a) of §25-9-127 precludes any action by Phillips before the EAB. The Veterans' Home Purchase Board also asserts that the administrative rules of the EAB provide that only "grievable" issues may be appealed and that termination or layoff from duties because of shortage of funds or work is a "non-grievable" issue.

¶6. Miss. Code Ann. §25-9-127 dictates the prerequisites for dismissal of a state employee. A state agency, department or institution included under this may dismiss an employee only for inefficiency or other good cause and must provide notice and a hearing within the agency at which the employee must show the reasons given are insufficient or untrue. Section 25-9-127 excepts from these requirements persons such as Phillips, who are separated due to a reduction in staff when the dismissal is in accordance with the rules of the State Personnel Board. There is nothing in this statute indicating an intent to deny those excepted from appealing their dismissal to the EAB. Moreover, §25-9-131 grants any employee in state service the right

to appeal to the employee appeals board his dismissal or other action adversely affecting his employment status. Section 25-9-131 does not make the same exceptions for appeals as §25-9-127 does for prerequisites to dismissal.

¶7. We have addressed §25-9-127 in the context of whether a probationary employee enjoyed rights in his employment such that he could complain of his dismissal. In *Gill*, we affirmed the circuit court's interpretation of §25-9-127(b), holding that it does not purport to deny probationary employees the right to appeal to the EAB. It merely denies these employees the protection of good cause or inefficiency for adverse action. This is equally true for employees excepted under subsection (a). Therefore, this section does not bar the EAB from hearing Phillips' claim.

¶8. As we noted in *Gill*, the legislature has vested in the State Personnel Board the authority to promulgate rules and regulations to enforce the statutory mandates of §§ 25-9-115, 25-9-129, and 25-9-131 (which allow the State Personnel Board to create the EAB and state employees the right to appeal their dismissal). *Id.* at 592. We noted that the Employee Appeals Board Administrative Rules contained a section granting probationary employees the right to appeal alleged acts of discrimination to the EAB. We upheld Gill's right to appeal to the EAB based on this. Justice Robertson, speaking for the Court, stated, "[t]hese regulations enjoy legal validity via SPB's appropriate exercise of its statutory authority." *Id.* at 592.

¶9. The EAB Administrative Rule germane to the case sub judice state:

APPEALS

The purpose of the Employee Appeals Board is to provide a fair and impartial forum beyond the agency level for a full hearing on a grievable action.

2. WHO MAY APPEAL. ACTIONS WHICH MAY BE APPEALED.

C. No person may appeal a non-grievable action.

Appendix B to the EAB Rules defines as non-grievable a "termination or layoff from duties because of shortage of funds or work, material change in duties or organization, or a merger of agencies." The record indicates there were material changes in the position of real estate appraiser. Phillips was not entitled to an appeal of the agency's decision based on the foregoing rules and their recognized legal validity.

¶10. Since we have found that Phillips did not have the right to appeal this particular matter to the EAB, it is not necessary to address the merits of that decision. However, we would stress for the record that "any decision of any administrative board or agency must be based upon substantial evidence appearing in the record."*Department of Wildlife Conservation v. Browning*, 578 So. 2d 667, 668 (Miss. 1991), **quoting** *Eidt v. City of Natchez*, 421 So. 2d 1225 (Miss. 1982). This is applicable to the Mississippi Employee Appeals Board. *Browning*, 578 So. 2d at 668.

¶11. Substantial evidence exists in the case sub judice to support the decision of the circuit court, the Personnel Board and the Veterans' Home Purchase Board.

¶12. The director of the Veterans' Home Purchase Board stated in his letter to the State Personnel Board the reasons for the abolishment of the real estate appraiser position --material changes in the duties of the

position and a shortage of work to justify the position. One of the former functions of the appraiser, to check the tax roles to determine if the taxes had been paid on mortgaged property, was no longer performed by the appraiser. Also, the decision of the Board to escrow taxes eliminated the necessity of an appraiser going out into the field to check these tax records.

¶13. Another factor supporting the elimination of the appraiser position was that the Board decided to use non-guaranty loans as opposed to loans guaranteed by the Veterans Administration (VA) only as an exception to the rule when justified by particular circumstances. Regulations contained in the Veteran's Administration Lending Handbook do not allow the Veterans' Home Purchase Board to utilize in-house appraisers on VA- guaranteed loans. Phillips was an in-house appraiser. In 1990, the year preceding dismissal, there were 198 loans reviewed by the Board for approval or disapproval. Of that 198, 167 were presented for VA-guaranty, thirty-one were non-guaranty, and there were an additional twelve which were presented as VA-guaranty; however, depending on the purchase price, these could have gone non-guaranty. Assuming Phillips performed all forty-three appraisals, and taking his salary and benefits into consideration, the cost per appraisal averaged $1,033.84. When the veteran fills out an application, $250.00 is collected. $200.00 is for the appraisal, whether done in-house or not, and $50.00 for a credit report. Veterans' Home Purchase Board paid $44,000.00 to Phillips as real estate appraiser, the actual revenue offsetting that cost was $8600.00. This certainly justifies eliminating the position of appraiser, especially in light of the fact that the deputy director is also an appraiser.

¶14. The deputy director has already assumed a few duties of the appraiser requiring little time, such as insurance inspections.

¶15. The record contains substantial evidence in favor of the conclusion reached by the State Personnel Board and the circuit court, and far less evidence in support of the decision of the EAB. A reduction in force by the Veterans' Home Purchase Board evidences a sound management decision, not a vendetta against James Truitt Phillips.

¶16. AFFIRMED.

**LEE, C.J., SULLIVAN, P.J., ROBERTS AND MILLS, JJ., CONCUR. PRATHER, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BANKS, McRAE AND SMITH, JJ.**

### PRATHER, PRESIDING JUSTICE, DISSENTING:

¶17. Because I believe that the decision of the Employee Appeals Board (EAB) was in compliance with the law, I respectfully dissent. Phillips was a Vietnam veteran with over twenty-two years service to the Mississippi Veterans' Home Purchase Board (MVHPB); at the time his position was abolished, he was three years from retirement. Phillips raises two issues on appeal: (a) whether the EAB acted within the scope of its authority and (b) whether the decision of the EAB was supported by substantial evidence. I disagree with the majority on both points. That is, in my opinion, the EAB acted within its authority in this case, and the decision of the EAB was supported by substantial evidence.

## I. The EAB had authority to hear Phillips' claim.

¶18. The majority holds that the administrative rules of the EAB provide that only "grievable" issues may come before it and that "termination or layoff from duties because of shortage of funds or work" is a "non-grievable" issue. Indeed, Rule 2(C) of the EAB's administrative rules provides that "[n]o person may appeal a non-grievable action."

¶19. Appendix B to the EAB rules states that:

The following issues are non-grievable issues under the state service grievance procedure:

. . . .

G. termination or layoff from duties because of shortage of funds or work, material change in duties or organization or a merger of agencies;

¶20. However, whether the EAB has jurisdiction "turns on a fair reading of the employee's claims which must be taken as true." *Gill v. Mississippi Dept. of Wildlife Conservation*, 574 So. 2d 586, 592 (Miss. 1990). Phillips' grievance statement to the EAB alleged specific ways in which the Mississippi State Employee Handbook was not followed during the implementation of the "reduction in work force" which led to the abolition of his position. He also alleged that his position was abolished in part because of "his political involvement and particularly his involvement with [a Representative in the State Legislature] and discussions that he had with the Representative regarding the manner in which the Veterans' Home Purchase Board was being operated." In addition, Phillips claimed that the policies of the MVHPB were weakening the "fiscal stability" of the MVHPB. Moreover, Phillips alleged that the reason for the abolition of his position was "a combination of political, personal and disciplinary reasons disguised as a reduction in force."

¶21. If Phillips' claims before the EAB were taken as true, then the EAB was entitled to go forward with the appeals process. That is, Phillips' claims did indeed raise grievable issues, according to the EAB administrative rules. Rule 2, subsections (A) and (B) of the EAB administrative rules provide that:

**2. WHO MAY APPEAL. ACTIONS WHICH MAY BE APPEALED.**

A. A permanent state service employee may appeal any action adversely affecting his or her compensation or employment status.

B. A permanent state service employee may appeal a grievable action.

¶22. Appendix A to the EAB rules states that:

The following issues are grievable under the state service grievance procedure:

A. disciplinary actions, including reprimands, dismissals, demotions, and suspensions;

B. application of personnel policies, procedures, rules, regulations, ordinances and statutes;

. . . .

D. complaints of discrimination on the basis of race, color, sex religion, national origin, age, disability,

or political affiliation;

    E. any matter of concern or dissatisfaction to an employee if the matter is subject to the control of agency management (except as provided in Appendix B);

¶23. Phillips' claim that the motive for the abolition of his position was disciplinary would fall under EAB Rule 2(A). The contention that the MVHPB did not follow the procedures of the State Personnel Board when the MVHPB abolished his position would be governed by EAB Rule 2(B). EAB Rule 2(C) would relate to Phillips' claim that the agency's management implemented fiscally unsound policies. Rule 2(D) would be applicable to Phillips' claim that his position was abolished due to his age and his political affiliations.

¶24. As stated earlier, for purposes of determining EAB jurisdiction, the claims of the aggrieved employee must be taken as true. *Gill*, 574 So. 2d at 592. If Phillips' claims were true, then they presented "grievable" issues under the administrative rules of the EAB. Therefore, the EAB acted within its scope of authority when it considered Phillips' claims.

## II. There was sufficient evidence to support the EAB's decision that Phillips' position was pretextually abolished.

¶25. The standard of review in this case is whether the agency's decision was arbitrary and capricious, or unsupported by substantial evidence, or contrary to law. *See Young v. Mississippi State Tax Com'n*, 635 So. 2d 869, 874-75 (Miss. 1994); *Gill*, 574 So. 2d at 590.

¶26. In the case at hand, there is ample evidence to support the decision of the hearing officer and the EAB that Phillips' position was pretextually abolished. Moreover, much of this testimony was not only credible, it was given by the MVHPB's witnesses. There is evidence that the director of the MVHPB and Phillips had disagreements, at least one of which got their "tempers up." Shortly before the director requested the abolition of Phillips' position, he offered to get Phillips a raise if Phillips would "work with him." Phillips responded by stating that he could not promise to work with the director, but that he would continue to work for the Mississippi veteran and for the betterment of the agency. When Phillips did not agree to "work with" the director, his position was abolished.

¶27. Furthermore, the director represented to the State Personnel Board that the abrogation was necessary for financial efficiency due to a shortage of work and a material change in the duties of the position of appraiser. The director testified that he thought that those were the only two reasons for which the Personnel Board could abolish a position. The representation to the Personnel Board was actually deceptive, to the extent that it could be construed to mean that the MVHPB was undergoing or expected to undergo financial difficulties. Indeed, both the Director and an MVHPB Board Member testified that the MVHPB had "plenty of money." Thus, there is substantial evidence that the director's abolishment of Phillips' position was a pretext for getting rid of someone who vocally disagreed with him -- without affording that person due process of law.

¶28. The EAB had statutory and regulatory authority to hear Phillips' grievance. The decision of the EAB was in compliance with the law, was supported by substantial evidence, and was neither arbitrary nor capricious. Therefore, the ruling of the circuit court should be reversed and judgment should be rendered in Phillips' favor. The EAB's decision ordering reinstatement and back pay should be upheld.

**BANKS, McRAE AND SMITH, JJ., JOIN THIS OPINION.**