This case comes to this Court on appeal from the Circuit Court of Hinds County. On May 18, 1988, the appellee, Joan C. Collins, an employee of the Mississippi Employment Security Commission (the "MESC"), filed a grievance with the Mississippi Employee Appeals Board (the "EAB"), alleging that she had been passed over for promotions due to her age and handicap. A hearing was held before the EAB and on September 23, 1988, an order was issued instructing the MESC to promote Collins to the next available position for which she was qualified. The MESC sought a review of this decision before the full Board. This review resulted in affirmance of the order by decisions dated February 17, 1989, and March 15, 1989. The MESC then petitioned the Hinds County Circuit Court for writ of certiorari. This appeal was affirmed by the Circuit Court on June 19, 1991. Feeling aggrieved, the MESC appeals to this Court, assigning as error the following:
 I. Did the Mississippi Employee Appeals Board err, both as a matter of law and as a matter of fact when it determined that Joan C. Collins was the victim of illegal discrimination?
 II. Did the Mississippi Employee Appeals Board, as an administrative agency, exceed its authority by awarding to Collins relief in excess of that requested in her Notice of Appeal?
We find that the hearing officer erred as to Assignment of Error I. in that he found that Collins was the victim of discrimination without a specific finding of intentional discrimination. Therefore Assignment of Error I. has merit and we must reverse. As the first issue is dispositive we do not address the second Assignment of Error.
 STATEMENT OF THE FACTS
Joan C. Collins began employment at the MESC in 1975 when she was hired as a Principal Clerk. She was promoted to the position of Principal Secretarial Clerk in 1977. She once again changed positions as she became a Principal Secretary (it is disputed as to whether or not this change constituted a promotion) in 1981. Collins was placed on the agency's promotional register for the position of Executive Secretary with a score of eighty-six (86) on the required test in 1985. In October, 1987, and again in 1988, Collins applied for promotions and was placed on the register for ES-Employment Security Aide III, each time with a score of one hundred (100) on the required test.
At trial, Collins testified that in August, 1985, a person younger than she was selected through promotion to fill a vacant Executive Secretary position in the Internal Security Department. On cross-examination, however, Collins admitted that the person promoted, unlike Collins, had experience in both the Employment Service and Unemployment Insurance Divisions of the agency. Collins further admitted that she did not know how her score of eighty-six (86) compared to the promoted employee's score, nor how her qualifications compared in general. This promotion occurred more than two years before Collins filed her grievance.
At trial, Collins called as a witness Charles Downs, Personnel Director of the MESC. Charles Downs testified on direct examination that eleven (11) employees at the MESC, all younger than Collins, had been promoted from the same position held by Collins to higher positions. However, on cross-examination, he also admitted that six (6) employees as old or older than Collins had also received promotions. Downs also admitted that Collins was qualified for the position of ES-Employment Security Aide III when she applied in both 1987 and 1988.
During the trial the MESC called as witnesses several of Collins' supervisors. These *Page 578 
supervisors testified concerning her overall job performance. Gwendell Pearson, Chief of the Contributions and Status Department where Collins worked at the time she filed her grievance, testified that Collins lacked initiative in assisting fellow employees. In addition, Pearson, who at one time was Collins' unit supervisor, rated her quality of work as no higher than "fair." Bob Cummings, Collins' supervisor for two years, described her work as "poor." He stated that Collins made an "extreme" number of typographical errors, especially on documents involving critical numbers and employer's accounts. Asked to compare Collins' work to the two employees who Collins identified as holding positions similar to that which she sought, Cummings stated that Collins' work was "far below" that of Linda Cooksey and also below that of Beth Costigan's. Additionally, Cummings stated that he could not, in good conscience, recommend Collins for a promotion.
Finally, Collins' most recent immediate supervisor, Ruthie Buchanan, testified that Collins' work was only "minimal to the requirements of a secretary." Buchanan stated that Collins often would be crocheting, working crossword puzzles, reading books or taking naps at her desk during work periods, an observation supported by the testimony of Charles Downs, Personnel Director of the MESC. Additionally, Collins admitted to the reading and to the working of crossword puzzles, but claimed that all employees were guilty of similar infractions when there was no work to be done. Buchanan, like Pearson, noted Collins' lack of initiative. Finally, Buchanan stated that she could not recommend Collins for a promotion because in her opinion "promotions are rewards for good work, good attitudes, initiative, drive, and communicative skills among employees."
As to other work related matters, Collins testified that she had on an earlier occasion actually come to blows with one of her prior supervisors. In addition, Collins also admitted to another confrontation with a fellow employee only one week prior to her EAB hearing.
Based on this testimony, the hearing officer awarded Collins the relief she sought — a promotion to the next available position for which she was qualified. The MESC appealed this ruling to the full EAB, which affirmed the hearing officer. The MESC next appealed to the Hinds County Circuit Court. The Circuit Court held that the EAB decision was supported by the evidence and refused to reverse. This appeal followed.
 DISCUSSION I. Did the Mississippi Employee Appeals Board err, both as a matter of law and as a matter of fact when it determined that Joan C. Collins was the victim of illegal discrimination?
Collins filed a grievance with the MESC. Upon receiving no relief via this grievance, Collins appealed to the EAB. A hearing was had on this appeal before the hearing officer on August 17, 1988. Upon the close of the parties' presentations, the hearing officer entered the following order:
 The facts of this case are fairly straight forward. Appellant, an employee of the MS Employment Security Commission for nearly 14 years, who is now somewhat handicapped because of replacement of joints in one shoulder and her hip, feels that she has been passed over by the agency when promotions were given. From the evidence presented at the hearing, it is obvious that several other people have been promoted and that most of them held a job similar or equal to that one held by the Appellant before their promotion. Evidence produced on both the Appellant's case in chief and the Agency's rebuttal, showed that promotions were not uncommon throughout any age group, although the predominance of promotions were granted to younger employees. Additionally, some evidence tended to show that handicapped persons were also, on occasion, promoted.
 The Agency's defense rested basically upon the allegation that the Appellant was not a very good employee. Several of the witnesses stated that her performance was only average or sub-average and that she often was found reading or doing things other than her normally assigned tasks. This testimony, however, was negated by *Page 579 
the performance appraisals that were produced by the Agency. The performance appraisals were produced after the close of the hearing at the request of the Hearing Officer and showed that the Appellant was a successful employee.
 While employment by State Agency carries with it no guarantee of any promotion to a successful employee, it is certainly to be expected that after nearly 14 years, some promotion would be in order.
 A review of promotional practices in State Agencies reveals that it is highly unusual for a person to remain in grade as long as the Appellant has without any promotion, especially when the employee is actively seeking to be promoted. Whether or not there was any intentional discrimination against the Appellant or not, the fact of discrmination [sic] existed and continues. This defacto [sic] discrimination is in violation of not only Federal law, but also State statutory law.
 Therefore, it is ordered and adjudged that the MS Employment Security Commission at the next available opening promote the Appellant, Joan C. Collins, to a position at least one grade ahead of the one that she now occupies, also, the MS Employment Security Commission is instructed to make this promotion only when a position becomes available that the Appellant is qualified for and capable of successfully fulfilling. The MS Employment Security Commission is further instructed to take into account the age and handicaps of the Appellant.
The appellant, MESC, contends that the EAB erred in finding as fact that Collins was the victim of intentional discrimination in her failure to obtain a promotion. The MESC argues that the hearing officer's findings were not supported by evidence in the record and as such were contrary to law and by definition, arbitrary and capricious, requiring reversal.
As a preliminary matter, it should be noted that the MESC has no right by law to appeal an adverse decision of the EAB. However, limited review via writ of certiorari is available pursuant to M.C.A. § 11-51-93. When appeal is taken to the circuit court through writ of certiorari, § 11-51-93 provides that in such cases "[t]he court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings. . . ." Regarding this limited scope of review provided by § 11-51-93, this Court in Gill v.Dept. of Wildlife Conservation, 574 So.2d 586 (Miss. 1990), stated:
 At first blush this would seem to pretermit any review of the facts and even our normal inquiry whether there may be substantial evidence to support the decision of the Employee Appeals Board. On the other hand, should the record and proceedings below reflect a decision wholly unsupported by any credible evidence, we would regard that decision as contrary to law and, as a matter appearing on the face of the record or proceedings, subject to modification or reversal. We thus are in our familiar posture of judicial review of administrative processes wherein we may interfere only where the board or agency's decision is arbitrary and capricious, accepting in principle the notion that a decision unsupported by any evidence is by definition arbitrary and capricious. See Miss. Code Ann. § 25-9-132(2) (Supp. 1990); Hood v. Mississippi Department of Wildlife Conservation, supra [571 So.2d 263 (Miss. 1990)]; Mississippi Forestry Commission v. Piazza, 513 So.2d 1242, 1246 (Miss. 1987); Eidt v. City of Natchez, 421 So.2d 1225, 1231-32 (Miss. 1982); but see Hamilton v. Long, 181 Miss. 627, 180 So. 615, 619 (1938).
Id. at 591.
A second preliminary issue requiring discussion is whether the hearing officer's findings of fact were supported by any evidence. If so, the hearing officer's findings of fact are not arbitrary and capricious and as such this Court's scope of review is limited to a review of questions of law. United Cement Co. v.Safe Air for the Environment, Inc., 558 So.2d 840 (Miss. 1990). In the case at bar, the hearing officer found that promotions for MESC employees of all ages were not uncommon but that said promotions went primarily to younger employees. Additionally, the hearing officer found that promotions *Page 580 
for handicapped individuals were not uncommon. As to the promotional practices of the MESC, the hearing officer found that it was highly unusual for someone to stay in the same grade for fourteen years without a promotion as Collins did. These facts were well established through the testimony of Collins and her fellow employees and supervisors as well as through documentary evidence. Based on the record, no reasonable person could say these findings are not supported by substantial evidence, nor that the hearing officer's findings as to these facts were arbitrary and capricious.
Based on these subsidiary facts, the hearing officer concluded that "whether or not there was any intentional discrimination against the Appellant or not, the fact of discrmination [sic] existed and continues. This defacto [sic] discrimination is in violation of not only Federal law, but also State statutory law." As a result of this conclusion, the hearing officer awarded Collins the relief she sought — a promotion to the next available position for which she was qualified. The remaining question before this Court is whether, based on the facts as found by the hearing officer, the hearing officer erred as a matter of law in this decision.
The hearing officer stated that the discrimination against Collins was in violation of state statutory law. The statutory law prohibiting such discrimination is set forth in Miss. Code Ann. § 25-9-149, which reads in relevant part:
 § 25-9-149. Discriminatory practices prohibited. It is the intent of the legislature that no person . . . employed in state service . . . shall be discriminated against on the basis of race, color, religion, sex, national origin, age or handicap.
This statutory provision clearly prohibits discrimination in state employment based on age or handicap. However, this section has not been interpreted by this Court or any other Mississippi court and thus provides no analytical framework for determining instances of discrimination. Rule 17 of the EAB Administrative Rules sets forth the order and burden of proof to be followed in appeals to the EAB, providing:
 17. ORDER OF PROOF. BURDEN OF PROOF.
 A. At the hearing of an appeal, the responding party shall be the first to present all the evidence on its case in chief. The appealing party, or parties, shall follow the responding party in presenting same.
 B. The appealing party shall have the burden of proving than an alleged grievable action was taken, was in error and merits the relief requested.
 C. An appealing party, who is a permanent state service employee, and who has by written notice been dismissed or otherwise adversely affected as to his or her compensation or employment status shall be required to furnish evidence that the reasons stated in the notice of such action are not true or are not sufficient grounds for the action taken.
However, while the hearing officer correctly assigned the burden of proof to Collins, he did not follow the order of proof set forth in Rule 17. Rule 17 clearly provides that the responding party shall first put on his case-in-chief and that the appealing party shall follow. In the case at bar, the appealing party, Collins, presented her case-in-chief first, in violation of Rule 17. However, such error is not appealed and, additionally, is unimportant in the resolution of this case.
As noted above, there is no Mississippi case law which addresses the requirements for proving discrimination based on age. However, in addition to the hearing officer's finding that Collins was the victim of discrimination in violation of state law, he also found that the MESC's discriminatory treatment of Collins was in violation of federal law. The federal law concerning age-based employment discrimination is set forth in the Age Discrimination in Employment Act of 1967 (ADEA),29 U.S.C. § 621 et seq. As a result of the Act, most age discrimination claims are brought in federal court and in conjunction, a wealth of federal case law interpreting age discrimination claims has developed.
Under federal law, two primary methods have arisen to prove discrimination in employment — the disparate treatment and disparate impact theories of employment discrimination. These theories were explained *Page 581 
by the United States Supreme Court in Hazen Paper Co., et al v.Biggins, ___ U.S. ___, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993), wherein the Court stated:
 "`Disparate treatment' . . . is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion [or other protected characteristics.] Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment. . . .
 "[C]laims that stress `disparate impact' [by contrast] involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive . . . is not required under a disparate-impact theory." Teamsters v. United States, 431 U.S. 324, 335, n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977) (citation omitted) (construing Title VII of Civil Rights Act of 1964).
Hazen, ___ U.S. at ___-___, 113 S.Ct. at 1705-06.
In the case sub judice, there is no allegation by Collins that she is the member of a group which suffers as the result of a facially neutral policy or practice of MESC. Collins claims that as the result of her age and handicap, she has been passed over for promotion in favor of other employees who are younger and who do not have any handicap. As such, her claim is clearly one of disparate treatment, requiring proof that the employeractually intended to discriminate based on these protectedcharacteristics.
In a suit alleging disparate treatment, "the ultimate issue is whether the employer intentionally discriminated against the plaintiff." Thornbrough v. Columbus and Greenville R. Co.,760 F.2d 633, 638 (5th Cir. 1985); see United States Postal ServiceBoard of Governors v. Aikens, 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983); Elliott v. Group Medical SurgicalService, 714 F.2d 556, 564 (5th Cir. 1983), cert. denied,467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984). In other words, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." HazenPaper Co., et al. v. Biggins, ___ U.S. at ___, 113 S.Ct. at 1703. Whether this discrimination is the result of a formal policy or takes place on an informal basis, "a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome." Hazen Paper Co., et al.v. Biggins, ___ U.S. at ___, 113 S.Ct. at 1706. Thus in the present case, in order for Collins to prevail on her claim, it was incumbent upon her to demonstrate that the MESC intentionally discriminated against her on the basis of her age and for the hearing officer to so find.
Under the ADEA, the protected class for age discrimination encompasses those over the age of 40. Collins, at 54, is within the protected class. She also demonstrated that she was qualified for the position of ES-Employment Security Aide III, as she was placed on the eligibility role for that position in both 1987 and 1988. Collins also presented evidence that she had not been promoted since 1977, a fact the hearing officer found to be "unusual." Further, evidence presented by Collins established that younger employees were promoted to this position from positions exactly the same as or comparable to the current position held by Collins.
Finally, Collins testified that when she interviewed for the Executive Secretary III position in 1985, she was told that she "was at the top of the list as far as the interviews were concerned." Collins further testified that Jim Harrell, the interviewer, told her that "he had been told to hire a younger person." If not hearsay, this statement could provide a basis from which a reasonable factfinder may infer that the MESC intentionally discriminated against Collins due to her age.
Rule 801(d), Mississippi Rules of Evidence provides in pertinent part that:
 (d) A statement is not hearsay if . . . (2) Admission by Party-Opponent. The statement is offered against the party and is . . . (D) a statement by his agent or servant concerning a matter within the scope *Page 582 
of his agency or employment, made during the existence of the relationship.
In McMillan v. King, we found that a statement made by the medical attendant employed at the hospital "if he would have took (sic) his time, he would have never fell" (sic) admissible under 801(d)(2)(D). McMillan v. King, 557 So.2d 519, 525 (Miss. 1990). We explained that "Ivory was an employee of the Hospital and the deposition, specifically those parts of it McMillan would have entered into evidence, were `concerning a matter within the scope of his . . . employment.'" Id. at 525-26.
In the instant case, Jim Harrell was an employee of the Mississippi Employment Security Commission and the statement "he had been told to hire a younger person" concerned "a matter within the scope of his . . . employment." Jim Harrell's statement to Collins is admissible under Rule 801(d) of the Mississippi Rules of Evidence and is evidence from which a factfinder could infer discriminatory animus toward Collins. Id.See also Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th Cir. 1993) (The statement "We don't want unpromotable fifty-year olds around" in a magazine article attributed to company president may be admissible as an admission under 801(d)(2)(D) of the Federal Rules of Evidence) citing Hoptowit v. Ray, 682 F.2d 1237, 1262 (9th Cir. 1982); Buscemi v. Pepsico, Inc., 736 F. Supp. 1267
(S.D.N.Y. 1990).
However, in rebuttal, the MESC offered several nondiscriminatory reasons for failing to promote Collins via the testimony of several of Collins' supervisors. These supervisors all testified that Collins was a deficient employee and that none could recommend her for a promotion. Testimony also revealed that Collins had engaged in a fist fight with one of her former supervisors and also that only a week prior to the EAB hearing, Collins had been engaged in another physical confrontation with a co-worker. As further evidence that it did not engage in discriminatory employment practices, the MESC presented documentary evidence that it had over 600 employees over the age of 40 and over 50 employees with handicaps.[1] Finally, the MESC presented evidence that it promoted these employees on a regular basis and to positions at least as high as the one sought by Collins, i.e., ES-Employment Security Aide III.
The hearing officer's decision did not turn on a finding ofintentional discrimination, but on a finding of de facto discrimination. Age discrimination claims presented under a disparate treatment theory require a finding of intentional discrimination. The hearing officer did not, according to the wording of his judgment, find intentional discrimination.
We therefore reverse the judgment of the lower court and remand this case to the EAB for specific findings on this issue.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THISOPINION.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
[1] These statistics are less significant here than in a disparate impact case.